IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                              CASE NO. 4:04-cr-00007-SPM-AK

LALANDA PRICE,

    Defendant.
_____/

## **ORDER**

This matter is before the Court on Doc. 108, Motion to Vacate under 28 U.S.C. § 2255, by Lalanda Price. Defendant is represented by counsel. The Government has filed its response, Doc. 114, and Defendant has filed his reply. Doc. 115.

On this occasion, Defendant charges that counsel was ineffective when he failed to investigate Government and defense witnesses which resulted in his having no option but to plead guilty. Doc. 108 at 3. Defendant also claims that counsel was ineffective when he failed adequately to inform Defendant of the ramifications of his plea in that he led Defendant to believe that a 5K1.1 motion was possible through third-party cooperation. *Id*. at 7.

Section 2255 "provides that the court *shall* conduct a hearing–regardless of whether one is requested–if the court cannot determine conclusively the issue before it based on the 'files and records of the case.'" *Humphrey v. United States*, 888 F.2d 1546, 1549 (11th Cir. 1989) (emphasis in original). To reach the merits of Defendant's motion without an evidentiary

hearing would require the Court to either credit or discredit the sworn statements of the witnesses without an opportunity to assess the witnesses' candor and demeanor.  When the Court is faced with conflicting evidence such as this, that is, where the defendant's word is pitted against that of his counsel, and the Court cannot conclusively determine the issue based on the record evidence, the Court must hold an evidentiary hearing, the Eleventh Circuit having specifically rejected a *per se* rule which "'credit[s] counsel in case of conflict.'"  *Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999).  In making this decision, the Court has in no way formed an opinion as to the merits of this case.  Because Defendant has retained counsel to represent him in this matter, he is not entitled to appointed counsel.

In closing, the Court would remind the parties of a few matters.  First, the only issue before this Court is the question of whether Defendant was afforded his Sixth Amendment right to effective assistance of counsel.

Second, Defendant, not the Government, bears the burden of proof on his claims of ineffectiveness, and to prevail, Defendant must prove both prongs of the *Strickland* test by a preponderance of the evidence.

Third, the Court will not allow any collateral attacks on counsel.  The focus of this hearing is on this case and on counsel's representation of this Defendant.

Fourth, the Court will, of course, reserve the right to request supplemental briefing and will make such disposition of this matter as justice requires.

Finally, given the number of attorneys and potential witnesses involved in this case, if a scheduling conflict arises, **the parties shall confer and submit a joint motion to continue which contains mutually agreeable hearing dates for the Court's consideration**.

Accordingly, it is **ORDERED**:

1. That an evidentiary hearing on Defendant's motion to vacate is hereby set for **Monday, August 25, 2008, at 10:00 a.m.**, before the undersigned in Gainesville, Florida;

2. That the United States Marshal shall ensure that Defendant is housed within the perimeters of the Gainesville Division of this Court within ten (10) calendar days of the hearing date so that counsel can more readily confer with his client as necessary.

**DONE AND ORDERED** this  ___24th___  day of July, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**